UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HERBERT BURGESS,

                Plaintiff,         9:05-CV-0379
                                                           (NAM)(DRH)
    v.

ALEC H. FRIEDMANN, Chaplain; ROBERT K. WOODS,
Superintendent of Upstate Correctional Facility; MARIA
TIRONE, Deputy Superintendent of Upstate Correctional
Facility,

                Defendants.

APPEARANCES:

HERBERT BURGESS
93-A-3237
Upstate Correctional Facility
P.O. Box 2001
309 Bare Hill Road
Malone, NY  12953
Plaintiff, *pro se*

NORMAN A. MORDUE, DISTRICT JUDGE

## ORDER and ORDER TO SHOW CAUSE

    The Clerk has sent to the Court a civil rights complaint submitted for filing by Herbert Burgess ("plaintiff"), who is presently incarcerated at Upstate Correctional Facility.[1]  Dkt. No. 1.  Plaintiff has also submitted an application to proceed *in forma pauperis* and a motion for a preliminary injunction.  Dkt. Nos. 2, 3.

    In his complaint, plaintiff alleges that he is an adherent of the Jewish faith, and requires a Kosher diet.  Dkt. No. 1 at 5.  According to plaintiff, while incarcerated at Upstate Correctional Facility, he signed an agreement which conditioned his receipt of a Kosher diet

---

[1] Plaintiff has filed two other actions in this district regarding the conditions of his confinement at Upstate Correctional Facility.  *See Burgess v. Friedmann*, 9:03-CV-0803 (DNH/DEP); *Burgess v. Alexander, et al.*, 9:05-CV-0142 (GLS/DEP).

on his compliance with five (5) rules. *Id.* at 4. Plaintiff alleges that, on January 13, 2005, defendant Friedman wrongfully accused plaintiff of violating rule five (5), which prohibits plaintiff from eating non-Kosher foods or exchanging food with another inmate, and removed plaintiff from the Kosher diet. *Id.* at 3-4. Plaintiff alleges that he has lost a significant amount of weight because he will not eat the non-Kosher diet that is now being provided to him. *Id.* at 4. For a complete statement of plaintiff's claims reference is made to the complaint. Dkt. No. 1.

Turning to Plaintiff's *in forma pauperis* application, the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(b) provides that an inmate who seeks *in forma pauperis* status is required to pay, over a period of time, the full amount of the filing fee provided for in 28 U.S.C. § 1914(a). In furtherance of this requirement, the Northern District of New York requires all inmates to submit a fully completed and properly certified *in forma pauperis* application and the authorization form issued by the Clerk's Office. *See* Rule 5.4(b) of the Local Rules of Practice of the Northern District ("L.R. 5.4(b)"). The filing fee for most civil actions was increased to $250.00 for actions filed on or after February 7, 2005. *See* Pub.L. No. 104-317 at § 401 (amending 28 U.S.C. § 1914(a)).

After reviewing the entire file, the Court finds that plaintiff is indigent. However, he has not provided the Court with the authorization form issued by the Clerk's Office pursuant to the Local Rules of Practice of this District. Therefore, the Court hereby orders plaintiff to submit either the full filing fee of $250.00 or the attached authorization form. *See* L.R. 5.4(b).

If plaintiff fails to either prepay the $250.00 filing fee in full, or provide a signed authorization form, **within thirty (30) days** from the date of the filing of this Order, this action will be dismissed without further Order of this Court.

With regard to plaintiff's request for an Order to Show Cause and upon the Declaration in Support of Motion for Temporary Restraining Order and Preliminary Injunction of plaintiff *pro se* Herbert Burgess, and the Memorandum of Law in support of plaintiff's motion for an order directing defendants to reinstate plaintiff's Kosher Diet "so that Plaintiff can freely exercise his religious beliefs and dietary laws, and receive the basic daily necessity of adequate food and nutrition", and finding good and sufficient cause why a procedure other than notice of motion is necessary,

**IT IS HEREBY ORDERED** that Defendants shall show cause before this Court, upon submission of papers and without personal appearance, returnable May 4, 2005, why an order should not be entered granting plaintiff the relief requested in his present application; and it is further

**ORDERED** that plaintiff serve this Order to Show Cause (the supporting papers having already been served) on defendants or their representatives by Certified Return Receipt Mail postmarked no later than April 15, 2005; and it is further

**ORDERED** that defendants shall file and serve opposing papers (if any), not later than April 25, 2005, and that plaintiff shall file and serve reply papers (if any), not later than May 2, 2005; and it is further

**ORDERED** that **no appearance is required**, papers will be taken on submission; and it is further

**ORDERED**, that plaintiff either pay the $250.00 filing fee in full, or provide the Clerk with a signed authorization form **within thirty (30) days** from the date of the filing of this Order, and it is further

**ORDERED**, that if plaintiff fails to either prepay the $250.00 filing fee in full, or provide

3

the Clerk with a signed authorization form within the time period specified above, this action and motion for a preliminary injunction be deemed abandoned and dismissed without further Order of this Court, and it is further

**ORDERED**, that upon full compliance by plaintiff with this Order as directed above, his *in forma pauperis* application shall be granted.[2]   The Clerk shall then issue summonses and forward them, along with copies of the complaint, to the United States Marshal for service upon the named defendants.  The Clerk shall then also forward a copy of the summons and complaint by mail to the Office of the New York State Attorney General, together with a copy of this Order, and it is further

**ORDERED**, that upon receipt of a properly executed inmate authorization form, the Clerk shall provide the Superintendent of the facility, designated by plaintiff as his current location with a copy of plaintiff's authorization form, and notify the official that this action has been filed and that plaintiff is required to pay the entire statutory filing fee of $250.00 pursuant to 28 U.S.C. § 1915, and it is further

**ORDERED**, that upon receipt of a properly executed inmate authorization form the Clerk provide a copy of plaintiff's authorization form to the Financial Deputy of the Clerk's Office, and it is further

**ORDERED**, that the defendants or their counsel file a response to plaintiff's complaint as provided for in the Federal Rules of Civil Procedure after service of process on the defendants; and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action

---

[2]  The Court notes that although his application to proceed *in forma pauperis* may be granted, plaintiff will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

4

must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **<u>Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing.</u>**  Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules.  **<u>Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; his failure to do so will result in the dismissal of this action.</u>**  All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court; and it is further

    **ORDERED**, that the Clerk serve a copy of this Order and Order to Show Cause, together with a blank inmate authorization form, on plaintiff by regular mail.

Dated:     April 8, 2005

*[signature]*
Norman A. Mordue
U.S. District Judge

5